**Gurmit CHAND, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–1605–ag.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

M. Nawaz Wahla, Wahla & Associates, P.C., Hartford, CT, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Erica B. Miles, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner, Gurmit Chand, a native and citizen of India, seeks review of a March 22, 2007 order of the BIA affirming the August 31, 2005 decision of Immigration Judge ("IJ") Matthew J. D'Angelo denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chand,* No. A 70 647 421 (B.I.A. Mar. 22, 2007), *aff'g* No. A 70 647 421 (Immig. Ct. Hartford Aug. 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When "the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the IJ's adverse credibility determination, which was based on the IJ's assessment of Chand's demeanor and multiple inconsistencies. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7. Chand does not challenge the IJ's demeanor finding and does not assert that the inconsistencies do not exist in the record. Rather, Chand argues generally that the inconsistencies were not central to his claim. However, contrary to Chand's assertion, the inconsistencies identified by the IJ involve central elements of his claim—whether he had previously been detained by police for political activity, whether he was threatened by members of the All India Sikh Student Federation, whether he went into hiding to avoid the police because his name was disclosed concerning anti-government activity, and whether his father was arrested when the police came looking for him. Chand's proffered explanations—that he was nervous, had a lot on his mind, and that his son made an error preparing his wife's affidavit—would not compel a reasonable factfinder to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Although Chand argues that the IJ failed

to evaluate evidence supporting his claim, he fails to identify any material evidence in the record that the IJ overlooked. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

Additionally, Chand points to no evidence supporting his claim that his inability to understand English explains the discrepancies. *See Majidi*, 430 F.3d at 80–81. Indeed, Chand testified through a Punjabi translator at his merits hearing, submitted an affidavit correcting the asserted language errors in his asylum application, and was given the opportunity to amend his asylum application before he signed an affirmation indicating that everything within it was correct. Moreover, he testified that he read and understood everything in his wife's affidavit before he submitted it.

Because substantial evidence supports the IJ's adverse credibility determination, the IJ properly denied Chand's application for asylum and withholding of removal where the only evidence that Chand would be persecuted depended on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005). Because Chand failed to sufficiently challenge the agency's denial of his CAT claim before this Court, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Chand's motion for a stay of removal in this petition is DISMISSED as moot.